[Civ. No. 32880.   Second Dist., Div. Two.   Aug. 15, 1968.]

SUBURBAN WATER SYSTEMS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CONSTANCE A. GARNIER, as Trustee, etc., et al., Real Parties in Interest.

Howard, Prim, Smith, Rice & Downs, Howard M. Downs, Stuart R. Pollak and Richard A. Perkins for Petitioners.

No appearance for Respondent.

Richards, Watson & Hemmerling, Louis Lee Abbott and Joseph P. Myers for Real Parties in Interest.

McCOY, J. pro tem.*—This is a proceeding for a writ of mandate to require the Superior Court for Los Angeles County to hear and determine on the merits petitioners' motions under section 834 of the Corporations Code in action number 839957 now pending in that court.

In June 1964 a complaint was filed in the respondent court entitled ''Constance A. Garnier, Trustee, and Garnier Enterprises, Inc., a corporation, co-partners doing business under the name and style of San Jose Ranch Company, and Constance A. Garnier, Individually, on behalf of themselves and of all other shareholders of Suburban Water Systems, Inc., a corporation, Plaintiffs, vs. Suburban Water Systems, Inc., a corporation, Camille A. Garnier, Carr H. Deitz, Walker Hannon, Monroe Harris, Valinda Engineering Company, a corporation, La Puente Co-Operative Water Company, a corporation, and Does I through XXX, Inclusive, Defendants.'' Admittedly, as the complaint is captioned, this is a shareholders' derivative suit. Sometime after the filing of the complaint, the defendants Suburban Water Systems, Camille A. Garnier, and Carr H. Deitz noticed motions for orders requiring the plaintiffs to furnish security for the costs of the moving defendants as provided in section 834 of the Corporations Code. These motions were heard on April 17 and May 9, 1967, on which latter date they were ordered submitted on the filing of further declarations. The court did not rule on these motions until January 17, 1968, at which time all three motions were denied.

On February 21, 1968, the court granted the motion of Suburban Water Systems to reconsider its ruling of January 17 as to the three moving defendants, and upon reconsideration, made the following order: ''Motions of the said defendants for security pursuant to Section 834, Corporations Code, are denied as a matter of law, because plaintiffs' holdings amount to more than 5% of Suburban Water Systems, Inc. stock and are therefore a substantial interest.'' It is this order which is the subject of the proceeding before us.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

■ Petitioners contend that the respondent court refused to exercise its jurisdiction under section 834 of the Corporations Code, in that it failed to determine on the evidence before it whether the moving parties had established a probability in support of the grounds upon which their motions were made, as required by that section, and that, instead, the court denied the motions "as a matter of law," basing its decision on an erroneous interpretation of section 834.

Ever since its enactment in 1949 (Stats. 1949, ch. 499, p. 857), section 834 of the Corporations Code has provided that in a shareholder's derivative action at any time within 30 days after service of summons the corporation or a defendant may, on notice, move the court for an order requiring the plaintiff to furnish security for reasonable expenses, including attorney's fees, which may be incurred by the moving party and the corporation in connection with the action, including the expenses for which the corporation may become liable under section 830 of the Corporations Code. Such a motion may be based on either or both of the following grounds " (1) that there is no reasonable probability that the prosecution of the cause of action in the complaint against the moving party will benefit the corporation or its security holders. (2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity." Section 834 further provides, so far as relevant here, that "At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material: (a) to the ground or grounds upon which the motion is based, or (b) to a determination of the probable reasonable expenses . . . of the moving party which will be incurred in the defense of the action. If the court determines, after hearing the evidence adduced by the parties at the hearing, that the moving party has established a probability in support of any grounds upon which the motion is based, the court shall fix the nature and amount of security to be furnished by the plaintiff . . ."[1]

Petitioners' motions for security under section 834 were made on the statutory ground that there is no reasonable probability that the prosecution of the cause of action in the complaint against the moving parties will benefit the corpora-

[1]The 1959 amendments (Stats. 1959, ch. 2008, p. 4648) have no bearing on the question before us. The 1967 amendments (Stats. 1967, ch. 1191, p. 2902) are material here only so far as they limit the amount of security the plaintiff may be required to furnish to $25,000.

tion or its security holders. After a hearing the respondent court denied the motions "as a matter of law, because plaintiffs' holdings amount to more than 5% of Suburban Water Systems, Inc., stock and are therefore a substantial interest."[2] This decision is patently erroneous.

Subdivision (a) of section 834 reads in part: "(a) No action may be instituted or maintained in right of any unincorporated association or of any domestic or foreign corporation by a member of such association or by the holder or holders of shares, or of voting trust certificates representing shares of such corporation unless both of the following conditions exist: (1) The plaintiff alleges in the complaint that he was a member, registered shareholder or the holder of voting trust certificates at the time of the transaction or any part thereof of which he complains or that his membership, shares or voting trust certificates thereafter devolved upon him by operation of law from a holder who was a holder at the time of the transaction or any part thereof complained of."[3] There is no need to discuss here the numerous cases in which this section has been considered. including those in which it has been held to be constitutional. (See, e.g., *Hogan* v. *Ingold,* 38 Cal.2d 802 [243 P.2d 1, 32 A.L.R.2d 834]; *Beyerbach* v. *Juno Oil Co.,* 42 Cal.2d 11 [265 P.2d 1].) It is enough for our purpose to consider the basis for the decision of the respondent court as reflected in the record before us.

Taking the extensive record by its four corners, it is clear that the decision of the respondent court was based on its belief that section 834 of the Corporations Code was never intended to be applicable to a derivative shareholder's action in which the plaintiff is the holder of more than 5 percent of the shares of the corporation. To put it otherwise, the argument is that section 834 should be interpreted as applying

[2]It is not disputed that when the motions were heard on May 12, 1967, there were many declarations in the file before the court, and both parties were granted leave to file counterdeclarations within 30 days, at the expiration of which time the motions were to stand submitted. It is apparent from the record, however, that the court did not consider the declarations except in determining the extent of plaintiffs' holdings of stock in the corporation. In view of the denial of the motions "as a matter of law," it is apparent that the court did not decide the motions on the merits, even though it might be said that the court had received all evidence material to the ground on which the motions were based.

· [3]The provisions with respect to actions by members of unincorporated associations in the right of any unincorporated association were added by Stats. 1959, ch. 2008, p. 4648. In all other respects the section just quoted reads now as it did when it was first enacted in 1949.

only to "strike" suits and that it was not intended to apply to actions by bona fide shareholders holding a very substantial interest in the corporation. This argument was advanced and squarely rejected in *Wood* v. *Gordon*, 112 Cal.App.2d 374 where the court said (pp. 377-378 [246 P.2d 84]): "The argument that the statute was intended and should be limited to strike suits is unavailing in view of its language. The test laid down by the statute as to one who has participated in some act complained of does not turn on whether the suit is or is not a 'strike' suit but whether there is a reasonable probability that its prosecution against the moving party will or will not prove of ultimate benefit to the corporation or its security holders. The statute does not distinguish between so-called strike suits and those that are generally classed as being bona fide. The distinction between such suits is however well known and, indeed, recognized by statutes of like tenor in other states. Accordingly, we must assume the Legislature was fully cognizant of those statutes and intended by the statute it enacted not to differentiate between the two types of suits. As the statute is clear-cut we are bound to give full effect to its language. If our statute, and those upon which it appears to be patterned in part, are too stringent or unduly restrict shareholders in their endeavor to recover from alleged fraudulent directors, as some writers contend, the remedy must be sought in legislative enactments and not by judicial pronouncements."

It is true, of course, that section 834 vests a broad discretion in the trial court to determine whether or not a plaintiff in such a case should be required to furnish security for defendants' expenses before he may proceed. That discretion, however, must be exercised within the framework of the section. So far as we are concerned here, section 834 requires the trial court to determine whether the moving parties have established that there is no probability that the prosecution of the cause will benefit the corporation or its security holders.

In *Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11, the court said (pp. 24-25 [265 P.2d 1]): "Plaintiff claims that defendants have not met their burden of proving that there is no reasonable probability that prosecution of the action will benefit the corporation or its security holders. The evidence on this matter is conflicting. 'It is for the trial court to weigh the evidence and its finding, based upon substantial conflicting evidence, is in this as in every civil case binding upon the

appellate court.' (*Wood* v. *Gordon* (1952) 112 Cal.App.2d 374,. 376 [246 P.2d 84].) In connection with his argument that defendants have not sustained their burden of proof as to lack of reasonable probability of benefit to the corporation or its security holders, plaintiff says further, 'Manifestly, this is not such a "strike suit" as was mentioned by the United States Supreme Court in its decision in the Cohen case [*Cohen* v. *Beneficial Industrial Loan Corp.* (1949) 337 U.S. 541 (93 L.Ed. 1528, 69 S.Ct. 1221)]. If it is not such a "strike suit," then the only possible reason for allowing security and costs for attorneys' fees entirely disappears.' But the question before the trial court was not whether this was a 'strike suit'; the question for that court was whether, regardless of plaintiff's motive in instituting the action, there was or was not a probability of benefit to the corporate defendant. 'The argument that the statute was intended and should be limited to strike suits is unavailing in view of its language.' (*Wood* v. *Gordon* (1952) *supra,* p. 377 of 112 Cal.App.2d.)''

It is apparent from the language of section 834 and from the decisions discussed above that the value or percentage of plaintiffs' holdings of stock in the corporation have no bearing on the issue to be decided under subdivision (b) of that section. The courts have no power to add any such factor to those to be considered by the trial court in granting or denying a defendant's motion under section 834, or to substitute its ideas for those expressed by the Legislature. (45 Cal.Jur. 2d, Statutes, §§ 103, 104, pp. 617-619.)

. Let a peremptory writ issue commanding the Superior Court for Los Angeles County to vacate its order of February 21, 1968, in Garnier, et al. v. Suburban Water Systems, Inc., et al., denying the motions of petitioners Suburban Water Systems, Inc., Camille A. Garnier and Carr H. Deitz, under section 834 of the Corporations Code, and to decide said motions on the merits as required by subdivision (b) of that section.

Herndon, Acting P. J., concurred.